Robert D. Lyon, an Infant, by John C. Goodfellow, His Guardian ad Litem, Respondent, v. Queensboro Corporation, Appellant.— Judgment unanimously affirmed, with costs. (*Mollino v. Ogden & Clarkson Corp.*, 243 N. Y. 450.) Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

Carl Mack, Respondent, v. Mack Lock Company and Others, Appellants.— Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

Carl Mack, Respondent, v. Mack Lock Company and Albert Schmidt, Defendants; Charles Nessler and Charles G. Nessler, Appellants.— Order modified by reducing the counsel fee to $500, and as so modified affirmed, without costs. No opinion. Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote for reversal and for a remission of the matter to the Special Term to take proof as to the services rendered and for which the allowance is to be made.

Jacob Mechaneck, Appellant, v. William Haskel, Respondent, and Louis Sendrowitz and Gussen Realty Corporation, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Finding of fact numbered " fourth " and plaintiff's proposed finding, which was found, numbered " seventh," are reversed. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

Anna Bertha Post, Appellant, v. Garfield Post, Respondent.— Order denying motion to punish defendant for contempt affirmed, without costs, and without prejudice to a renewal upon a proper showing on proper papers. No opinion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

Eugene Sherk, as Receiver of the Property of Eugene P. Catena, Respondent, v. Lucille Catena and Sol L. Youngentob, Appellants, and Millfield Realty Company and Others, Defendants.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion the appellants did not have a fair retrial of the issues, inasmuch as the trial justice had, at the close of the first trial, stated that he did not believe the defendants or any of them, and at the close of the second trial stated: " The retrial of this case only confirms the conviction that I had on the first trial that neither of the defendants is worthy of belief. They would both swear to anything." It is obvious, from such statements, that the trial justice was biased and prejudiced against said defendants at the commencement of the second trial. Under the circumstances, we think they were entitled to have the case tried before another justice and that their motion to that effect should have been granted. We further find that the proofs upon the second trial were substantially the same as upon the first, and that the judgment holding the title to the premises in question to have been vested in Eugene P. Catena by virtue of the deed from his wife to him is against the weight of the credible evidence. Findings of fact inconsistent herewith and all conclusions of law are reversed. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs on the ground that the determination is against the weight of the evidence. Settle order on notice.

Hyman Edward Shulman, Appellant, v. Abraham Karmel, Respondent.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.