In the Matter of the Application of the Mortgage Commission of the State of New York, for an Order Directing Brooklyn Consolidated Realty Corp. to Make Available All Records and Data with Respect to Income and for an Order Directing the Payment of Surplus or Such Part Thereof as the Court May Determine to the Mortgagee, the Mortgage Commission of the State of New York, for and on Behalf of the Certificate Holders of Mortgage Bearing Number BMC 185,262, to Apply Toward the Reduction of Any Past Due Principal of the First Mortgage Covering the Premises Located at 370–388 4th Ave., Brooklyn, N. Y., and Owned by Brooklyn Consolidated Realty Corp., Pursuant to the Provisions of Section 1077-c of the Civil Practice Act. Manufacturers Trust Company, as Trustee for Certificate Holders under Bond and Mortgage Guarantee No. 185,262, Substituted in the Place and Stead of the Mortgage Commission of the State of New York, Respondent; The Brooklyn Consolidated Realty Corp., Appellant.— Order directing appellant to pay the sum of $1,915.53, to apply toward payment and reduction of any past due installments of principal of a mortgage, modified by striking therefrom the sum of $1,915.53, wherever said sum appears in the ordering paragraphs, and by substituting therefor the sum of $449.13, and as so modified affirmed, without costs. The owner should have the benefit of either a cash or an accrual method as his basis in determining carrying charges, so long as there is no inconsistency in his position thereafter. The accrual method is the fairer basis of computing such charges. It is not denied that payments of interest on the second mortgage were made, and there is no proof that appellant benefited thereby. Management fees are disallowed as carrying charges, since it does not appear that such fees

were actually paid or obligation therefor incurred. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.