In the Matter of the Application of ISRAEL SCHULMAN and Others, Comortgagees, Petitioners, Appellants, against ROSA SILVER, Owner, Respondent, and METROPOLITAN LIFE INSURANCE COMPANY, First Mortgagee.

First Department, June 29, 1939.

*Nathaniel Phillips* of counsel [*S. S. Goldsmith* and *B. Hoffman Miller* with him on the brief; *Milton S. Marks*, attorney], for the appellants.

*Silas W. Sollfrey*, for the respondent.

CALLAHAN, J. Petitioners are the holders of a second mortgage on premises 2460 Davidson avenue, Bronx, owned by respondent. The sum of $125,080 principal is now due on said mortgage. There is a first mortgage on the premises, the principal sum of which is $233,750. The first mortgage contains provision for amortization, but it appears that that mortgagee has waived amortization throughout the period involved.

Petitioners moved pursuant to section 1077-c of the Civil Practice Act to compel respondent to pay petitioners an alleged surplus of income over interest, taxes and carrying charges on the property in the six months from July 1, 1937, to December 31, 1937.

It appears that respondent bought the premises within the period for which the accounting is sought, taking title on November 26, 1937. Prior to that date the property was owned by one Mae Dick, as administratrix of her deceased husband, Max Dick. This change of ownership did not relieve the present owner of the property from making the accounting required by law, for under the statute the proceeding is directed to the last record owner of the mortgaged property. It requires the court to direct payment of surplus, if upon the application it shall appear to the satisfaction of the. court that the " mortgaged property " during the six months prior to the application has produced such surplus.

Respondent produced a statement of income and expenses in connection with the property from the date she took title.

The former owner was called as a witness by the petitioners, who assumed the burden of establishing the income and expenses from the beginning of the six months' period to the date of the sale. It appears from the testimony that different methods of bookkeeping were used by the respective owners. Mrs. Dick, the former owner, kept the books on a cash basis, whereas the respondent kept them on an accrual basis. As a result of the sale and the change in the method of bookkeeping, some confusion has arisen concerning the proper amount of receipts and disbursements to be debited and credited during the six months' period involved.

Petitioners contend that the respondent should be compelled to give an accounting for the whole six months on either a cash or an accrual basis. We are not prepared to impose such a requirement in the present case. We might hold differently if there had been no sale, or if bad faith was disclosed. It might be quite difficult for a purchaser to restate the former owner's figures. There is no provision in the statute concerning the method of bookkeeping to be used. The matter would seem to be left to the discretion of the owner, subject to such supervision as is granted to the courts. Where it appears that a change in bookkeeping methods has been made in good faith at the time of a genuine sale of the property, we do not feel that we should compel the new owner to restate someone else's figures on a different basis from that stated on the former owner's books, especially where, as here, it appears that the accounts can be reconciled.

The issues involved in the present action were referred to an official referee, who took testimony at length. Both parties produced accountants, who testified to the figures shown by the books.

While there is some dispute as to the propriety of a number of items of alleged expenses involved, we are not disposed to interfere with the determination made by the referee and Special Term, except with respect to one item. That item consists of an alleged disbursement for interest on mortgages during the six months' period. It appears that the actual interest accruing on both mortgages during the six months involved was $10,180.53. The referee allowed a total of $12,945.69 for interest paid. The difference appears to have been caused by the fact that Mrs. Dick included in the item of interest paid between July 1 and November 26, 1937, some interest which had accrued in earlier months. That more than six months' interest had been paid in six calendar months did not warrant the allowance made. We need not determine whether, if accountings had been rendered regularly by the owners to the mortgagees on a cash basis during each succeeding six months' period, a different rule might be applied.

An owner may have the benefit of either a cash or accrual method as the basis of carrying charges, so long as there is no inconsistency in his position thereafter. (*Matter of Mortgage Commission [370-388 4th Ave., Brooklyn]*, 255 App. Div. 979.) We find not only an inconsistency in this item but an excessive allowance.

The referee found, and Special Term confirmed the finding, that there was a deficit of $454.01 during the six months involved. Readjusting the figures on the basis of a proper allowance for interest, we find a surplus of $2,311.15.

We deem that the second mortgagees are entitled to have this surplus paid to them pursuant to the provisions of the statute. The fact that there is a first mortgage on the premises would not seem to defeat the petitioners' right to the surplus. Here the first mortgagee was notified of the proceedings and made no claim to any surplus that might be found. In addition, as above indicated, it appears to have agreed to waive any amortization during the period in question.

The order appealed from should be modified, and the motion granted to the extent of directing payment of the surplus of $2,311.15 to the petitioners as second mortgagees in reduction of the principal of said mortgage and as so modified affirmed, with twenty dollars costs and disbursements to the appellants.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously modified and the motion granted to the extent of directing payment of the surplus of $2,311.15 to the petitioners as second mortgagees in reduction of the principal of said mortgage and as so modified affirmed, with twenty dollars costs and disbursements to the appellants. Settle order on notice.