In the Matter of the Application of TITLE GUARANTEE AND TRUST COMPANY (as Mortgagee of Record in an Extension Agreement Executed Pursuant to a Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises Located in the County of Kings, State of New York, and Known as 7101 Shore Road, Borough of Brooklyn, City of New York, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY, Guarantee No. 181686, Approved by a Final Order of the Supreme Court of the State of New York, County of Kings, Entered on the 17th day of July, 1935, and for the Benefit of the Holders of Investments in Said Mortgage). MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Petitioner; SHORE TOWERS, INC., Appellant; TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Appeal from order confirming report of an official referee finding that there was a surplus for a six-month period available for payment to a mortgagee, under section 1077-c of the Civil Practice Act, from a parcel of real property upon which the petitioner had an overdue mortgage. Order affirmed, with ten dollars costs and disbursements. There is no provision in the statute concerning the method of bookkeeping an owner must use. The owner is entitled to avail himself of either a cash basis or an accrual basis. (*Matter of Schulman* v. *Silber*, 257 App. Div. 391.) The owner herein apparently kept its books on a cash basis. It did not invoke the benefit of an accrual basis at the time the application for payment of a claimed surplus was made, or at the beginning of the hearing before the referee to whom the matter was referred. On the hearing before the referee the owner was not prepared to furnish a reconstruction of its books, kept on a cash basis, so as to set up the financial experience on an accrual basis. Under these circumstances it was not error for the referee to proceed and determine the matter on a cash basis. If an owner wishes to avail himself of an accrual basis he should indicate his election at the time the application is made to compel payment over of a claimed surplus, or at

the beginning of the inquiry as to whether or not a surplus exists. Carswell, Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs in result.