In the Matter of Noah Rotwein, Appellant; Abram Goodman, as a Justice of the Municipal Court of the City of New York, Respondent.

Argued April 6, 1943; decided October 14, 1943.

*Robert H. Elder* for appellant. Nobody can commit criminal contempt of court by accident, but only when he intends to do so. (Judiciary Law, § 750, subd. 1; *People ex rel. Munsell* v. *Court of Oyer & Terminer,* 101 N. Y. 245; *People ex rel. Supreme Court* v. *Albertson,* 242 App. Div. 450; *People ex rel. Bernstein* v. *LaFetra,* 171 App. Div. 269; *People* v. *Freer,* 1 Caines, 485, 518; *People* v. *Few,* 2 Johns. 290; *Matter of Yates,* 4 Johns. 317; *Yates* v. *People,* 6 Johns. 337; *Matter of Rudd [Hazard],* 266 N. Y. 302; *People ex rel. Chanler* v. *Newburger,* 98 App. Div. 92.) There is no due process of law unless the judge be free from all bias and partiality. (*People* v. *Naimark,* 154 App. Div. 760; *Inland Steel Co.* v. *National Labor Rel. Board,* 109 F. 2d 9; U. S. Constitution, Amdt. XIV, § 1; *Tumey* v. *Ohio,* 273 U. S. 510; *Jordan* v. *Massachusetts,* 225 U. S., 167; *Oakley* v. *Aspinwall,* 3 N. Y. 547; *Goldman Plumbing & Heating Corp.* v. *Nesbit,* 244 App. Div. 311.) The facts set forth in the mandate are not sufficient in law to constitute contempt under subdivision 1 of section 750 of the Judiciary Law. (Penal Law, § 600, subd. 1; *People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290; *Briddon* v. *Briddon,* 229 N. Y. 452; *Matter of Waldman* v. *Churchill,* 262 N. Y. 247; *Matter of Clay,* 282 N. Y. 140.) It is not contempt of court to urge disqualification of a judge because of bias, although such bias, if it exists, reflects upon the integrity of the judge. A motion to disqualify on the ground of bias is contemptuous only when made in a manner otherwise contemptuous. (*Tjosevig* v. *United States,* 255 F. 5; *Webb* v. *Superior Court,* 28 Cal. App. 391; *Thomas* v. *People,* 14 Col. 254; *Matter of Cottingham,* 88 Col. 335; *State* v. *Simone,* 154 La. 73; *Matter of Curtis,* 3 Minn. 274; *Le Have* v. *State,* 48 Neb. 105; *People ex rel. Bernstein* v. *La Fetra,* 171 App. Div. 269.)

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd* and *George B. Rice* of counsel), for respondent. The court had the power to punish petitioner summarily for criminal contempt of court. (*Matter of Douglas* v. *Adel,* 269 N. Y. 144.) The behavior of petitioner was contemptuous and insolent and tended to impair the respect due to the authority of the court. (*Matter of Douglas* v. *Adel,* 269 N. Y. 144; *United States* v. *Landes,* 97 F. 2d 378; *Goldman Plumbing & Heating Corp.* v. *Nesbit,* 244 App. Div. 311; *Fleming* v. *United States,* 279 F. 613; *Francis* v. *People of Virgin Islands,* 11 F. 2d 860; *United States* v. *Landes,* 97 F. 2d 378.) The statements of petitioner were irrelevant, immaterial and improper upon a motion for a new trial. (*Matter of Dodge & Stevenson Mfg. Co.,* 77 N. Y. 101; *M'Dowell* v. *Van Deusen,* 12 Johns, 356; *Truesdell* v. *Winne,* 44 Misc. 451; *People ex rel. Devery* v. *Jerome,* 36 Misc. 256; *Matter of Connolly* v. *Scudder,* 222 App. Div. 591; *Matter of Richardson,* 247 N. Y. 401; *American Brake Shoe & Foundry Co.* v. *I. R. T. Co.,* 6 F. Supp. 215.) The proper procedure was followed in enforcing the contempt. In a summary proceeding to punish for criminal contempt, no proof of the truth or falsity of the charges may be offered. (*Judiciary Law,* §§ 750, 751; *Matter of Douglas* v. *Adel,* 269 N. Y. 144; *Matter of Barnes,* 204 N. Y. 108; *Fleming* v. *United States,* 279 F. 613; *Truesdell* v. *Winne,* 44 Misc. 451; *Matter of Dodge & Stevenson Mfg. Co.,* 77 N. Y. 101; *People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290.) The order or mandate was in proper form. (*People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290.)

LEHMAN, Ch. J. The appellant appeared in the Municipal Court of the City of New York as attorney for the defendant in an action entitled *Family Finance Corporation* against *Vincent J. McHugh.* After the conclusion of the trial, the trial court directed the appellant to appear in court with counsel at a hearing at a specified time a few days later to show cause why he should not be punished " as and for a criminal contempt " of court. At the close of the hearing the trial court adjudged that statements made by the appellant in the " immediate view, presence and hearing of this court tended to impair the respect due to its authority and constituted a criminal contempt of this court, and that said Noah Rotwein pay a fine of $250.00 within five

days after service upon him of a copy of this order, certified, with notice of entry, and in default of the payment of said sum as a fine, said Noah Rotwein be committed to the common jail of the County of New York and there be imprisoned until the same be paid or until the period of ten days from the beginning of said confinement shall have expired; and that a commitment issue accordingly."

The Judiciary Law " enumerates the acts which constitute criminal contempt and prescribes the procedure for punishing and the nature and extent of the punishment." (*Matter of Douglas* v. *Adel,* 269 N. Y. 144, 146.) It provides that " a court of record has power to punish for a criminal contempt, a person guilty of any of the following acts, and no others: 1. Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, directly tending to interrupt its proceedings, or to impair the respect due to its authority. 2. * * *." (§ 750.) " Such a contempt, committed in the immediate view and presence of the court, may be punished summarily * * *." (§ 751.) Where a person is committed for contempt as prescribed in section 751, " the particular circumstances of his offense must be set forth in the mandate of commitment." (§ 752.)

We have said that if the acts constituting a criminal contempt in the immediate view and presence of the court " are seen or heard by the presiding judge so that he can assert of his own knowledge the facts constituting the contempt in the mandate of commitment * * * no proof need be given. The knowledge of the judge takes the place of proof and his recital in the mandate of commitment of the facts upon which the adjudication of contempt is based is sufficient." (*Matter of Douglas* v. *Adel, supra,* at pp. 146, 147.) Since in the case now under review the statements of counsel which it is said constitute a criminal contempt were addressed to the judge presiding in a judicial proceeding, and were heard by him, he refused to take any proof but asserted " of his own knowledge the facts constituting the contempt in the mandate of commitment." The fact that the appellant made the statements as asserted in the mandate is not challenged by the appellant and we assume is not open to challenge. His challenge is directed to the sufficiency of the asserted facts to constitute a criminal contempt. His peti-

tion for a review of the mandate of commitment in accordance with the procedure approved by this court in *Matter of Douglas* v. *Adel* (*supra*) has been dismissed on the merits by the court at Special Term and the order of Special Term has been affirmed by the Appellate Division, one justice dissenting.

The " particular circumstances of his offense " as set forth in the mandate are that: " On April 30, 1942, at about 11 A. M., at Trial Term, Part 17, of this Court, in the trial of an action then pending in the Municipal Court of the City of New York, Borough of Manhattan, Second District, entitled *Family Finance Corporation,* plaintiff, against *Vincent J. McHugh,* defendant, Noah Rotwein, attorney for the defendant in said action, at the conclusion of the trial of said action, and after the rendition of the decision by the Court sitting without a jury, made a motion to set aside the verdict as against the weight of evidence and moved for a new trial, in the course of which said Noah Rotwein stated in the immediate view, presence and hearing of the Court and all attorneys, litigants and other persons then present in said courtroom, as reasons for said motion: ' Reason No. 1. I tried one case before your Honor several months ago involving a finance company. I don't remember the name of the case. My adversary, however, was a Mr. Melvin Howard Osterman. During the course of the trial your Honor made certain off the record remarks which indicated your Honor knew about the case before it came on before him. Your Honor at that time was sitting in Central Non-jury, in calendar part, and your Honor selected that case out of order and had the case tried before him, whereas your Honor sent other cases out to other parts, and made certain off the record remarks about me which indicated your Honor knew the case was coming up before him.' Said Noah Rotwein further stated in the immediate view, presence and hearing of the Court, the following: ' I think perhaps unwittingly the Court, possibly by virtue of a prior connection as attorney for a finance company, perhaps unwittingly the Court tends to discount all defenses raised by borrowers from finance companies. I think, in view of the fact, I think it was improper for the Court to hear this case, and I move for a new trial on the basis of those statements, with all due respect to the Court.' "

It cannot be doubted that a mandate of commitment for the summary punishment of a person charged with having committed an act constituting a criminal contempt is insufficient unless it contains a statement of " the particular circumstances of his offense," based upon proof or upon knowledge of the presiding judge, and unless such offense constitutes a contempt within the definition of the Judiciary Law. " If the particular circumstances of the offense were not required to be set forth, there would be nothing that the accused could have reviewed, or that he could interpose as a defense to a subsequent conviction for the same act. If the court saw fit to call his act, no matter what it might be, a criminal contempt, that determination would of necessity be final, even though the act of the accused consisted in the putting on of his hat as he was going out of the courtroom door, and failed to come within any of the provisions of the Code constituting a contempt of the court." (*People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290, 297.) Here an attorney has been committed for statements made by him in court which may be construed as a charge that the Trial Judge is so biased in favor of finance companies and against borrowers from such companies that he cannot render an impartial decision, and should not sit as a judge, in an action brought by a finance company where a borrower interposed a defense. The statements were made in connection with a motion to set aside a decision of the Trial Judge. The mandate does not specify that the statement was made in an insolent tone or in disrespectful manner and there is neither proof nor assertion that the attorney did not make the statements in good faith for the honest purpose of protecting what he deemed the interests of his client.

It is shown by the stenographer's minutes, and is not disputed, that the Trial Judge refused to take proof intended to establish justification for the statement of counsel, or in regard to any other matter. The proceedings to review the commitment were dismissed at Special Term on the ground that " the court correctly refused to permit petitioner an opportunity to prove the truth of the charges made by him, since, even if they were true, that would not excuse petitioner's utterance of them in open court in connection with a motion for a new trial in the case which petitioner had tried before respondent. If the latter was guilty

of the charge that he had acted improperly in connection with a previous case tried by petitioner before him several months earlier, petitioner's proper remedy was to make complaints to the proper officers, so that proceedings for respondent's removal might be instituted (see *People ex rel. Barnes* v. *Court of Sessions*, 147 N. Y. 290, 294).'' Doubtless a judge conscious of his rectitude and convinced of his judicial fairness would deeply resent such statements of counsel, and such statements tend to diminish respect for the court, even though those who know the judge might' harbor no doubt that they were made falsely and without possible justification. An attorney who makes such statements falsely and without sufficient justification or for any purpose other than the protection of the interests of his client, is undoubtedly guilty of unprofessional conduct, and we assume is guilty of a criminal contempt. Here the mandate does not conclusively show such facts. However sure we may be of the complete integrity of the trial judge, the question still remains whether the '' particular circumstances of his [the attorney's] offense * * * set forth in the mandate of commitment '' constitute '' disorderly, contemptuous or insolent behavior '' within the statutory definition of a criminal contempt, though there is neither proof nor finding that the statements were untrue or were made in disrespectful or insolent manner or in bad faith.

'' Punishment for a criminal contempt is a drastic remedy for willful wrong.'' (*Matter of Spector* v. *Allen,* 281 N. Y. 251, at page 259.) '' Intent to defy the dignity and authority of the court * * * is a necessary element of a criminal contempt.'' (*People ex rel. Bernstein* v. *La Fetra,* 171 App. Div. 269, 275, affd. 219 N. Y. 591.*) If the statements by the attorney which reflected upon the Trial Judge constitute sufficient ground for an application to the Judge to set aside his decision, then certainly the appellant would have been in duty bound for the protection of the interests of his client to state those reasons upon the record, unless the attorney knew that the statements were false or, at least, unless he made the statements recklessly without reasonable ground to believe that they were true. The respondent makes no contention that if the statements were relevant,

---

* The official report erroneously states that the order affirmed is reported at 172 App. Div. 954.

the denial of the trial court of opportunity to present proof of justification for the statements would not constitute error requiring the court to annul and set aside the mandate of commitment. Concededly the mandate can be sustained, if at all, only upon the ground that even if the statements were true they would furnish no legal ground for an application made to the Judge to set aside and vacate his decision.

Actual bias of a judge is not a ground for disqualification under section 15 of the Judiciary Law. We assume that the statement of counsel to the Trial Judge would not constitute a sufficient ground to disqualify the Trial Judge as matter of law and that the facts alleged even if true would not invalidate as matter of law the decision of the Judge. (See *Wilcox* v. *Supreme Council of Royal Arcanum,* 210 N. Y. 370, 380; *Matter of Dodge and Stevenson Mfg. Co.,* 77 N. Y. 101, 112, 113.) Doubtless an inference of willful intent to defy the dignity and authority of the court is at times justified where irrelevant statements are made by counsel which tend to cast doubt upon the integrity and fairness of the trial judge. (*Matter of Bowles,* 164 Md. 318; *Fleming* v. *United States,* 279 F. 613.) The irrelevance of the statement is not, however, conclusive proof of an intent to reflect upon the honor and integrity of the judge. (*Tjosevig* v. *United States,* 255 F. 5.) Even if the statement is irrelevant, the question whether the attorney has been guilty of reckless disregard of truth or has made the statements complained of with intent to reflect upon the honor and integrity of the judge, is ordinarily one of fact. A statement which might impair respect for the judge can hardly constitute " disorderly, contemptuous or insolent behavior " within the meaning of the statute, if it is made by the attorney in good faith to protect the interests of his client, and in the honest belief that it is relevant, and without reckless disregard of the truth or intent " to impair the respect due to " the court. In this case actual bias of the Trial Judge may not be legal ground for his disqualification; nevertheless perhaps it might be ground for setting aside his decision if the record of the trial indicates that the decision of the Trial Judge is based upon bias, rather than upon an impartial consideration of the evidence. (See *Sherk* v. *Catena,* 235 App. Div. 686.) An application to remove the Judge for misconduct would be of little if any benefit to a litigant, even assuming that the attorney

intended to charge that the Trial Judge not only was biased but was guilty of conscious wrong. Before the Trial Judge could punish the attorney for contempt of court, he was bound to afford an opportunity to the attorney to present evidence which might indicate the attorney's good faith or which might furnish justification for his statements. Then the facts constituting the necessary elements of the offense as found by the Trial Judge upon such evidence or as asserted by the Trial Judge of his own knowledge, must be set forth in the mandate. Without that there is " nothing which the accused could have reviewed."

The order of the Special Term and that of the Appellate Division should be reversed, without costs, and the mandate annulled, but without prejudice to any proceeding that may hereafter be initiated and prosecuted in accordance with this opinion.

LEWIS, J. (dissenting). My dissent from the decision about to be made rests upon remarks, recited in the mandate of commitment, made by the appellant when, at the close of all the evidence and in support of a *renewal* of his prior motion requesting the Trial Justice to disqualify himself, the appellant charged the Trial Justice with misconduct, *not in connection with the case then on trial* but in a different case tried " several months " previously, the title of which he did not recall. As I view the record in the present proceeding it appears that the appellant, in the presence of the court, made insolent statements which were irrelevant to the issues then being tried and which tended to cast doubt upon the integrity and fairness of the Trial Justice. Those statements were of such a character as to dictate the inference of an intent by the appellant to impair the respect due to the authority of the court.

LOUGHRAN, RIPPEY and DESMOND, JJ., concur with LEHMAN, Ch. J.; LEWIS, J., dissents, in opinion in which CONWAY, J., concurs.

Orders reversed, etc.