In the Matter of the Application of CITY BANK FARMERS TRUST COMPANY, Petitioner. HANOVER LEASING Co., INC., et al., Respondents.

Supreme Court, New York County, June 5, 1944.

*Milton R. Friedman* for petitioner.

*Arthur M. Loeb* for respondents.

HAMMER, J. On settlement of the order herein, further consideration of two items is required. The Hanover Leasing Co., Inc., the last record owner, and Unity Fee Co., Inc., stated by the former to be the owner since 1935 under an unrecorded deed,

have both appeared generally herein. By stipulation of the parties made March 24, 1944, and affidavit sworn to May 3, 1944, of the secretary of both corporations, it appears that the statement furnished by Hanover Leasing Co., Inc., as compliance with the application of City Bank Farmers Trust Company pursuant to section 1077-c of the Civil Practice Act is binding on both owner corporations. In the statement for the calendar year ended December 31, 1943, it appears that upon an accrual method as the basis of carrying charges, the interest accruing on a second mortgage for the first six months as well as the last six months, was deducted from the income of the property. In like manner an item referred to as " Sec. 1077-g-second mortgage " is also deducted. The interest item amounts to $8,750 and the latter, or amortization payment required by statute, amounts to $1,750. The affidavit and stipulation show these items have not been paid up to May 3, 1944. The corporation owners object to such nonpayment being considered on the grounds reserved in the stipulation that same is immaterial and irrelevant under decisions of the Court of Appeals and the Appellate Division, as the owner corporations have kept their books and presented their accounts on an accrual basis and no surplus appears, although on a cash basis there would be a surplus. The cases thus relied upon are the following: *Matter of Title Guarantee and Trust Co.* (288 N. Y. 714); *Matter of Schulman* v. *Silver* (257 App. Div. 391); and *Matter of Title Guarantee and Trust Co.* (258 App. Div. 729). In *Matter of Mortgage Comm. of State of N. Y.* (255 App. Div. 979) it was held that " The owner should have the benefit of either a cash or an accrual method as his basis in determining carrying charges, so long as there is no inconsistency in his position thereafter. The accrual method is the fairer basis of computing such charges. It is not denied that payments of interest on the second mortgage were made, and there is no proof that appellant (owner) benefited thereby." *Matter of Schulman* v. *Silver* (*supra*) cited the *Matter of Mortgage Commission* case (*supra*) with approval and allowed an item of $10,180.53 shown due for the six-month period of account, but disallowed an item of $2,765.16 included as a carrying charge on an accrual basis for interest due and accrued in earlier months and allowed by the lower court in a total of $12,945.69 actually paid for both items. In *Matter of Title Guarantee and Trust Co.* (258 App. Div. 729, *supra*) it

was held that while the owner was entitled to avail himself of either a cash or accrual basis (*Matter of Schulman* v. *Silver, supra*), the owner kept his books on a cash basis, did not invoke the benefit of an accrual basis at the time the application for payment of surplus was made, and the Referee correctly determined the matter on a cash basis. *Matter of Title Guarantee and Trust Co.* (288 N. Y. 714, *supra*) was an affirmance of decision of the Appellate Division (263 App. Div. 847) which reversed the order of Special Term, which had in turn denied respondent's motion to confirm the Referee's report, wherein $985.45 surplus on an accrual basis was found and required to be paid toward the reduction of the principal of the first mortgage covering the premises. The Special Term, which was reversed, held " the surplus must be used towards the arrears of taxes."

From the above it appears that accruals may be shown and credited when in good faith they are accrued to pay current carrying charges. If such carrying charges are not paid as and when due and payable and remain unpaid for such a period of time that reasonably it should be found payment was not in fact the purpose of the accrual, then the items shown may not be allowed.

Here the owner corporations admitted nonpayment of the current interest and amortization of the second mortgage and that no such payments were made as far back as 1938. If by reason of nonpayment of items accrued on the books as due to the second mortgagee, a benefit to the owner through a mere bookkeeping device appears to have been intended, then the bookkeeping entries must be disregarded, the items disallowed and payment of the amount thereof required to be made to the mortgagee applicant. That appears to be the situation here presented. Although accruals are entered on the books as due the second mortgagee, the evidence shows no payments thereof were made. From the evidence here it must be held no such payments to the second mortgagee were intended. It follows the items must be allowed as surplus payable to the first mortgagee movant here.

Objections of the owner corporations are overruled. Movant's order signed.