In the Matter of SAMUEL F. BERKON, Respondent, against ROBERT F. MAHONEY, as Magistrate of the City of New York, Appellant.— Proceeding pursuant to article 78 of the Civil Practice Act, to review an order of a magistrate's court of the city of New York adjudging respondent guilty of a criminal contempt of court and fining him the sum of $100. Order vacating and setting aside the order of commitment reversed on the law, without costs, and the proceeding dismissed, without costs. The order of commitment is not defective. It complies with the statutory requirements and sets forth facts sufficient to warrant the adjudication of contempt. Neither the statutes (N. Y. City Crim. Cts. Act [L. 1910, ch. 659, as amd.], § 102-b; Judiciary Law, art. 19) nor practice (cf. *Matter of Waldman* v. *Churchill*, 262 N. Y. 247) requires a recitation in the order of commitment of the statutes upon which the commitment is based. Nor is it necessary that the word " wilful " be set forth in the mandate. This is not a contempt based upon " wilful disobedience to its lawful mandate," but rather upon subdivision 1 of section 102-b of the New York City Criminal Courts Act, which is contained in substance in the order. The intent to defy the dignity and the authority of the court (*People ex rel. Bernstein* v. *La Fetra*, 171 App. Div. 269, 275, affd. 219 N. Y. 591; *Matter of Rotwein* [*Goodman*], 291 N. Y. 116, 122) sufficiently appears from the facts set forth in the order of contempt. It was proper for the magistrate to interpolate his version of the occurrences in conjunction with the stenographer's minutes. (*People ex rel. Bernstein* v. *La Fetra, supra.*) Irrespective of such interpolations, the stenographer's minutes are sufficient to show that the conduct of the petitioner constituted contempt. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur. [180 Misc. 659.]

In the Matter of EAST RIVER SAVINGS BANK, Appellant. MORSYL REALTY CORPORATION, Respondent.— Appeal from an order denying a mortgagee's motion under section 1077-c of the Civil Practice Act, to direct the last record owner of certain real property to make available all records and data relating to income and disbursements of the property for the year 1943 and to pay the surplus income, if any, to the mortgagee in reduction of the past due principal of its mortgage. Order reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. The language of section 1077-c of the Civil Practice Act requires such an application to be directed to the last record owner of the real property involved. But it is the " mortgaged property " and the financial history thereof during the period prior to the application, in the event that it appears to the satisfaction of the court that a surplus has arisen, which determine the extent, if any, that a mortgagee shall benefit. The grantee, therefore, takes the real property subject to the right outstanding under section 1077-c in the holder of a past due mortgage to benefit if the mortgaged property produces a surplus. This is a matter against which a grantee can readily protect himself. Adopting any different view would facilitate fraudulent transactions involving grants of real property and place an unwarranted burden upon potential victims of bad faith in such matters. (*Matter of Schulman* v. *Silver*, 257 App. Div. 391.) The case of *Chase Nat. Bank* v. *Guardian Realties, Inc.* (283 N. Y. 350) is not to the contrary. In that case neither the Appellate Division nor the Court of Appeals passed on the question here involved; this because the Chase National Bank acquiesced in the limited form of order it obtained against the last record owner, and prosecuted a futile appeal to hold the grantor of the last record owner, against whom a proceeding is not authorized by section 1077-c of the Civil Practice Act. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See *post.* p. 861.]