In the Matter of EAST RIVER SAVINGS BANK, Respondent. MORSYL REALTY CORPORATION, Appellant.

Argued April 12, 1945; decided July 19, 1945.

*William J. Kramer* for appellant. I. Proceedings under section 1077-c of the Civil Practice Act will not lie against a " last record owner " for a period of time during which it was not the owner. (*Chase Nat. Bank* v. *Guardian Realties, Inc.,* 283 N. Y. 350; *Matter of Title Guar. & Tr. Co.* [*Devons Associates*], 180 Misc. 575.) II. The Legislature never intended to burden the last record owner with an obligation, the benefits of which were enjoyed by a prior owner. (*Chase National Bank* v. *Guardian Realties, Inc.,* 283 N. Y. 350.) III. The service of the order to show cause initiating the instant proceeding at Special Term was improperly made.

*Newton Millham* and *Robert Bernard* for respondent. I. Special Term erred in refusing to grant an examination of the books and records relative to the mortgaged premises for the calendar year 1943, and in denying the application for surplus moneys; and the Appellate Division properly reversed. (*Chase Nat. Bank* v. *Guardian Realties, Inc.,* 283 N. Y. 350; *Matter of Title Guarantee and Trust Company* [*9220 Shore Road, Brooklyn*], N. Y. L. J. Sept. 22, 1943, p. 641, col. 7; *Matter of Shulman* v. *Silver,* 257 App. Div. 391.) II. Appellant's point that service of the order to show cause by which the proceeding was commenced was faulty has long since been waived. (*Henderson* v. *Henderson,* 247 N. Y. 428.)

DYE, J. This proceeding is brought under section 1077-c of the Civil Practice Act to compel the appellant, as the last record owner of mortgaged premises, to produce all records and data available as to income and disbursements pertaining to the mortgaged property for the calendar year 1943 and to apply the surplus, if any, in such amount as the court may order, in reduction of the mortgaged indebtedness, or, in default of the production of all or of adequate records and data, or payment of such surplus as is ordered, to obtain authorization for foreclosure.

It is undisputed that, while the then owner, the Dorom Realty Corporation, was delinquent only in the payment of principal due on the mortgage, it having paid the taxes and interest when due, it transferred the premises by deed dated December 29, 1943, to the appellant herein. The deed was duly recorded December 30, 1943, and closing figures adjusted as of January 1, 1944. The within proceeding was commenced on February 21, 1944, thus presenting the question of whether a surplus money proceeding, as authorized by section 1077-c will lie against the last record owner to compel production of records and data showing income and disbursements for a period during which he was not the owner of the mortgaged premises.

The Special Term denied the relief demanded and was unanimously reversed, as a matter of law, by the Appellate Division which granted leave to appeal and certified the following question, viz., " Was the order of the Special Term properly made?"

There is nothing inimical to the present proceeding in the rule recently adopted in *Chase Nat. Bank* v. *Guardian Realties, Inc.* (283 N. Y. 350). A reading of the opinion in that case discloses that the question was whether or not section 1077-c imposed liability for payment of accrued surplus money upon a former owner and the last record owner who had not assumed the obligation of a mortgage, as distinguished from creating a right to foreclose upon default. The court dismissed the proceeding as to the former owner because as to it there was no statutory liability and as to the last record owner because the statute created no personal liability where it did not theretofore exist by reason of an assumption of liability on the mortgage bond by the purchaser.

Here the examination is sought for a 12-month period based on the preceding calendar year, and demand is made that the last record owner, the appellant herein, produce " all records and data *available* as to the income and disbursements of said mortgaged premises for the said calendar year." This is well within the scope of the statute notwithstanding the transfer of the premises on the last day of the calendar year. In referring to the statute we note that it specifically designates the party to be examined as " the last record owner " and that " the application shall be made on the basis of the preceding calendar year • • • except that for good cause shown the court may enter-

tain an application made on the basis of a period of twelve months other than the calendar year ''. If we limit the proceeding to the period of actual ownership of the mortgaged premises, repeated transfers on or about the last day of the mandatory period could have no other effect than to destroy an equitable remedy necessary for the fair administration of the moratory statute. Nor do we change our view because the appellant claims to be an innocent purchaser for value, as we feel it goes without saying that a purchaser of mortgaged premises is chargeable with knowledge of the moratory statutes and is equally chargeable with knowledge of the terms and conditions of the mortgage.

The proceeding is within the contemplation of the statute, and our remaining problem is whether the Appellate Division erred in directing the appellant-owner to produce records and data for a period in which it was not the owner of the mortgaged premises. We note that the mortgagee-petitioner, in the first instance, sought the production of the '' records and data *available* '', and following the reversal of the Special Term, in submitting a proposed counter-order to the Appellate Division, it sought from the appellant-owner, the then respondent, '' all records and data *in its possession or under its control* * * * ''. It would, therefore, seem that the bank has been granted relief which it never sought. In the absence of any claim for such relief and in the absence of any statutory warrant, express or implied (Civ. Prac. Act, § 1077-c), binding the Appellate Division to so order, we see no reason for imposing this evidentiary burden upon the last record owner. The bank is not without a remedy as it has available to it the power to adduce such proof from the former owner by means of subpœna. (*Matter of Schulman* v. *Silver*, 257 App Div. 391.)

In this review we should note that the instant proceeding was commenced by service upon the attorney for the appellant corporation, who is neither an officer nor managing agent thereof and whose only connection therewith is that of attorney. While counsel indicated that he was appearing specially, claiming that the service was improper, we are not impressed with this contention as he has participated throughout the proceeding on the merits, as well as having advised the bank that he had been authorized by the respondent therein '' to receive all communi-

cations * * * on its behalf ", and did not raise such point in the Appellate Division. While, technically, service should have been made in accordance with the provisions of section 24 of the Stock Corporation Law, this may be waived. (*Henderson* v. *Henderson*, 247 N. Y. 428.)

The order appealed from should be modified to the extent that for the purpose of determining the amount of said surplus, the respondent herein produce and make available to the petitioner for inspection by it and the court, all records and data available as to income and disbursements of said mortgaged premises for the calendar year 1943.

The order of the Appellate Division should be modified in accordance with this opinion, and, as so modified, affirmed, without costs. The certified question should be answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.