■ ELLA WOOL et al., Appellants, v. BENJAMIN BUDOFF, Respondent.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated April 27, 1961, which denied their motion for summary judgment striking out the answer (Rules Civ. Prac., rule 113). Order affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of J. ROLAND SALA, Petitioner, v. J. IRWIN SHAPIRO, a Justice of the Supreme Court of the State of New York, Respondent.— Proceeding pursuant to statute (Judiciary Law, § 752; Civ. Prac. Act, art. 78), against the respondent, a Justice of the Supreme Court of the State of New York, to annul an order made by him on October 31, 1962, which: (a) adjudged petitioner guilty of criminal contempt of court committed before respondent while respondent was presiding at a Criminal Term of the Supreme Court in Queens County; (b) sentenced petitioner to serve 10 days in jail; (c) fined him $250; and (d) directed that, should petitioner fail to pay said fine, he shall serve an additional 30 days in jail. Order modified in the exercise of discretion by striking out the provision which imposed a jail sentence of 10 days. As so modified, order affirmed, without costs. The findings of fact set forth in the order under review are affirmed. Petitioner's time to pay the fine imposed is extended until 20 days after entry of the order hereon. In our opinion, on the facts disclosed in the record, the petitioner was properly adjudged guilty of criminal contempt, in that his conduct manifested an intent to defy the dignity and authority of the court (Judiciary Law, § 750; cf. Matter of Waldman v. Churchill, 262 N. Y. 247; Matter of Berkon v. Mahoney, 268 App. Div. 825). Under all the circumstances, however, we believe that petitioner's punishment in this instance should be limited to the fine imposed and to his imprisonment for 30 days in the event of his failure to pay such fine. Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.

■ FLORA EDELSON, Respondent, v. NATHAN RICHTER, Appellant.— Motion by appellant for a stay, pending appeal, granted, on condition that appellant perfect and be ready to argue or submit the appeal at the April Term, beginning April 1, 1963; appeal ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before March 4, 1963. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ BETTY LADMER, Respondent, v. BENJAMIN LADMER, Appellant.— Motion by appellant for a stay, pending appeal; and to dispense with printing. Motion denied. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ VICTOR S. LAIT et al., Respondents, v. JOSEPH L. LEON et al., Appellants.— Motion by appellants to extend their time to answer the amended complaint granted, on condition that they perfect and be ready to argue or submit the appeal at the April Term, beginning April 1, 1963; appeal ordered on the calendar for said term. The record and appellants' brief must be served and filed on or before February 21, 1963. Upon compliance with said condition, appellants' time to serve their answer is extended until 10 days after entry of the order determining the appeal. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of the Estate of AGNES EVANDER, Deceased. BARBARA R. RICHERT, Appellant; IRENE WISTER et al., Respondents.— Motion by appellant for reargument denied. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.