◼ In the Matter of ELLEN HOWARD, Appellant, v STATE FARM MUTUAL INS. Co., Respondent.—In a proceeding to vacate an arbitration award, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered May 12, 1978, which denied the application. Matter remanded to Special Term for an evidentiary hearing to determine whether petitioner's attorney sought an adjournment of the arbitration hearing for the purpose of producing expert medical testimony and proof of loss of earnings and, if so, whether the denial of the adjournment by the arbitrator was warranted under the circumstances. In the interim the appeal is held in abeyance. Although petitioner levels numerous charges concerning the arbitrator's conduct of the no-fault arbitration at issue here, only one issue need detain us. Since the arbitrator premised his rejection of petitioner's claim for loss of earnings both upon her lack of disability and her failure to adduce evidence of loss of earnings, petitioner's contention that she was entitled to an adjournment so as to have an opportunity to adduce evidence on these points may be meritorious. Therefore, an evidentiary hearing is required. We find no merit, however, in petitioner's claim that the arbitrator failed to disclose the fact that he represents insurance companies in no-fault arbitration hearings. Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.

◼ In the Matter of VERA G. MARINO, Petitioner, v BEATRICE S. BURSTEIN, as a Justice of the Supreme Court, Nassau County, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the Supreme Court, Nassau County, dated January 3, 1979, which adjudged petitioner guilty of criminal contempt committed in the immediate presence of the court and imposed a fine of $250, or, in the alternative, five days' imprisonment. Petition granted, determination annulled, on the law, without costs or disbursements, and fine ordered remitted. There was *no* showing that petitioner acted for any reason other than to protect the record in the best interests of her client (see *Matter of Rotwein [Goodman],* 291 NY 116). Furthermore, petitioner was never afforded an opportunity "to make a statement in [her] defense or in extenuation of [her] conduct", as is required under the rules of this court (see 22 NYCRR 701.2 [c]). Mollen, P. J., Rabin, Cohalan and Margett, JJ., concur.