Matter of Politi v Camacho (2021 NY Slip Op 01780)





Matter of Politi v Camacho


2021 NY Slip Op 01780


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-07687

[*1]In the Matter of Steven M. Politi, etc., petitioner,
v
Fernando Camacho, etc., respondent. John N. Russo, Central Islip, NY, for petitioner.


Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Fernando Camacho, an Acting Justice of the Supreme Court, Suffolk County, dated September 16, 2020, which summarily adjudged the petitioner guilty of criminal contempt of court and imposed a fine in the sum of $1,000.
ADJUDGED that the petition is denied and the proceeding is dismissed, without costs or disbursements.
Judiciary Law § 750(a)(1) provides that a court of record has the power to punish a person for criminal contempt if that person is guilty of "[d]isorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority." Furthermore, when such conduct is committed in the immediate view and presence of the court, it may be punished summarily (see Judiciary Law § 755). Since the court's summary contempt power constitutes such a drastic departure from ordinary due process, its use is justified only by the court's need for the preservation of order in the courtroom so that the court's business may continue (see 22 NYCRR 700.2; Cooke v United States, 267 US 517, 534-535; Matter of Katz v Murtagh, 28 NY2d 234, 238).
Here, the petitioner's conduct, as reflected in the record, satisfied the statutory prerequisites for the adjudication of summary contempt by the respondent, the Honorable Justice Fernando Camacho, Acting Justice of the Supreme Court, Suffolk County (see Judiciary Law §§ 750[a][1]; 755; 22 NYCRR 701.2; Matter of Balter v Regan, 63 NY2d 630; Matter of Herbst v Belen, 40 AD3d 1095; Matter of Werlin v Goldberg, 129 AD2d 334; Matter of Mangiatordi v Hyman, 106 AD2d 576; cf. Matter of Rotwein [Goodman], 291 NY 116).
The petitioner's remaining contention is without merit (see Judiciary Law §§ 750, 751; cf. Judiciary Law § 752).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court