PEOPLE ex rel. KENNEDY et al. v. GILL, Surrogate, et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

JUDGES (§ 47*)—DISQUALIFICATION TO ACT—STATUTORY PROVISION—ACTING AS COUNSEL.

Where an action is brought for the removal of executors and trustees under a will, and to compel them to file an account and appear for examination therein, one of the issues is as to the amount and value of the property; and where a previous action has been brought against the same executors and trustees to determine the amount of tax due on such estate, the same issue is raised in both actions, and a person who has appeared as an attorney of record in the first case is, by the spirit of Judiciary Law (Consol. Laws 1909, c. 30) § 15, which disqualifies a judge for sitting in or taking part in the decision of a case in which he has appeared as attorney or counsel, precluded from acting as surrogate in the latter action, except for the purpose of filing a certificate of disability.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–219, 222, 223; Dec. Dig. § 47.*]

Betts, J., dissenting.

Appeal from Special Term, Albany County.

Application for a writ of prohibition by the People, on the relation of Gilbert F. Kennedy and others, as executors, against Walter N. Gill, Surrogate, and Augustus Shufeldt, receiver. From an order denying the absolute writ, relators appeal. Reversed.

The relators appeal from an order of the Supreme Court (130 N. Y. Supp. 12) made at the Albany Special Term and entered in the office of the clerk of the county of Ulster, June 26, 1911, denying an application for an absolute writ of prohibition and quashing and dismissing an alternative writ. The alternative writ commanded the respondent and the surrogate to desist and refrain from taking further proceedings for the removal of the executors and trustees under the will of David Kennedy, deceased, and to compel them to file an account and appear for examination with reference thereto. It also required them to show cause why they should not be absolutely restrained from any further proceedings in the matter. The relators stated in their petition for the writ that the surrogate was disqualified, for the reason that he appeared before the former surrogate of Ulster county as attorney of record for the Comptroller of the state of New York in a proceeding to determine the amount of tax due upon the property which passed under the will of the testator; that he then contended that the relators had secreted and failed to account for more than half of a million dollars of assets that had come into their hands; that an appeal was taken by the relators to the Appellate Division from the order of the surrogate confirming the report of the referee; and that the present surrogate appeared as counsel and represented the Comptroller upon the appeal. It was also stated that one of the questions to be determined in the proceeding now pending is what assets were actually received by the relators, and whether or not they have secreted or wasted any part of them. The surrogate in his return stated, among other things, that he appeared in the transfer tax proceeding for the Comptroller June 6, 1905, and remained the attorney of record in such proceeding until June 26, 1906,

when a final determination was made by the surrogate fixing the tax; that he "was paid in full by the State Comptroller for his services, and the tax has been paid upon the estate."

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Francis E. Nagle, for appellants.

G. D. B. Hasbrouck, for respondents.

SEWELL, J. The question presented is whether it was competent and right for the surrogate to hear and determine the issues in the proceeding before him. The claim of the appellants that the surrogate is disqualified is based upon section 15 of the judiciary law, which provides that:

"A judge shall not sit as such in, or take any part in the decision of, a cause or matter to which he is a party, or in which he has been attorney or counsel."

While it may be true, as claimed by the respondents, that the surrogate did not act as attorney or counsel in the same cause or matter, within the letter of this section, the unquestioned facts show that he did within its spirit and purpose. The issues in the first proceeding were the amount and value of the decedent's property. In the present proceeding one of the issues, at least, is the same. We think that the two proceedings may reasonably be regarded as one and as within the provisions of the statute.

On this ground alone we think that the order dismissing the alternative writ should be reversed, and that an absolute writ should issue, restraining the surrogate from any further proceedings in the matter, except to make and file a certificate of his disability. All concur, except BETTS, J., who dissents.