■ In the Matter of EDMUND FITZGERALD, Appellant, against LOTT H. WELLS, as Surrogate of St. Lawrence County Surrogate's Court, et al., Respondents.— Appeal from an order of the Supreme Court, Schenectady County which denied an application under article 78 of the Civil Practice Act for an order in the nature of a writ of prohibition. The respondent Harold Smith, as administrator, *c. t. a.*, of the estate of one Mary Wert, instituted a proceeding before the respondent Surrogate Wells to have the appellant's fee for services to the estate as an attorney fixed. The appellant's fee had previously been paid without dispute but thereafter Surrogate Wells informed Smith that he considered the fee excessive. The appellant appeared specially and requested the Surrogate to disqualify himself which he refused to do. The appellant then made an application under article 78 of the Civil Practice Act to restrain the Surrogate from proceeding further in the matter. The court below denied the application holding that a Surrogate's disqualification of himself is discretionary and that since the Surrogate had jurisdiction over the matter before him a writ of prohibition would not issue. The Surrogate has the power under section 231-a of the Surrogate's Court Act to hear an application to fix the value of an attorney's services to an estate and to order a refund if the attorney has been paid more than the fair value of his services. The Surrogate here therefore has jurisdiction to hear the proceeding brought before him and the question presented is whether his alleged bias and prejudice deprives him of jurisdiction so that a writ of prohibition may issue against him. The bias or prejudice of a judge does not deprive him of jurisdiction and is a matter which can only be raised on appeal. (*People ex rel. Devery* v.

*Jerome,* 36 Misc. 256, 257; *Matter of Connolly* v. *Scudder,* 222 App. Div 591, 596, revd. on other grounds 247 N. Y. 401; 22 Carmody-Wait, New York Practice, p. 331, § 227.) The case of *People ex rel. Kennedy* v. *Gill* (147 App. Div. 924) which is cited by the appellant involves a Surrogate who had previously acted as attorney for the estate and was therefore disqualified under section 15 of the Judiciary Law (now § 14). This section sets forth certain situations in which a judge "shall not sit" and would therefore appear to deprive the judge of jurisdiction in those situations but a judge's bias or prejudice does not fall within this section. Order unanimously affirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ. [14 Misc 2d 435.]