■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Petitioner.—Petition granted, without costs, order of Human Rights Appeal Board annulled, the determination of the State Division of Human Rights reinstated and confirmed. All concur; Goldman, J., not participating. Memorandum: Petitioner seeks review of orders of the New York State Human Rights Appeal Board, reversing the determination of the State Division of Human Rights which dismissed the

complaints of five former employees of petitioner, and remanding the matters to the regional director of the division for further proceedings on the grounds that the division's determination was arbitrary and capricious and an unwarranted exercise of discretion. We find that the determination of the appeal board is unfounded on this record and therefore annul the orders and reinstate the determination of the division. Complainants are five young Black women who were formerly employed by the petitioner, Merchants Mutual Insurance Company, in its Buffalo office. A group of women supervisors of complainants alleged that, in response to a warning letter given to one of the complainants with respect to excessive absenteeism and tardiness, the group of five engaged in a course of conduct wherein they made veiled threats and menacing gestures to the supervisors, causing the supervisors to become afraid to leave the premises of the building at the end of the workday. As a result of that incident, the five employees were terminated on the following day and subsequently filed complaints with the New York State Division of Human Rights on November 6, 1974. An investigatory conference was held in the office of the regional director on November 25, 1974, beginning at 10:00 A.M. and ending at 8:00 P.M. All parties were represented by counsel and extensive questioning and cross-examination of witnesses took place. The conference was presided over by the regional director assisted by two staff representatives who took notes totaling some 57 pages. All of the complainants, as well as the supervisory employees, were given an opportunity to testify, various exhibits were entered on the record that day and, at the request of the director, others were submitted to him subsequent to the hearing. On the basis of that record, although not required to do so (Executive Law, § 297, subd 2), the director made findings of fact and issued a determination on April 9, 1975, in which he found that there was no probable cause to believe that the petitioner had engaged in discriminatory practices or had dismissed the five complainants because of their race. On appeal to the Human Rights Appeal Board, complainants alleged that the proceedings were tainted because the regional director's daughter was an employee of Merchants. Solely on that basis, the appeal board reversed and remanded, stating that because of the relationship between the regional director and his daughter, the proceedings below were "deemed arbitrary and capricious" and "an unwarranted exercise of discretion." In reviewing the determination of the division, the appeal board is limited in the scope of its review (Executive Law, § 297-a, subd 7). It may not exceed the scope of that review and substitute its judgment for that of the division (State Div. of Human Rights v Columbia Univ. in City of N. Y., 39 NY2d 612; Matter of Mize v State Div. of Human Rights, 33 NY2d 53; State Div. of Human Rights v Bond, Schoeneck & King, 52 AD2d 1045; State Div. of Human Rights v Syracuse Univ., 46 AD2d 1002, mot for lv to app den 36 NY2d 643; Long Is. R. R. Co. v State Div. of Human Rights, 42 AD2d 857). In reviewing a determination made after an investigatory conference, the board is limited to examining the record to determine whether there was a rational basis for the regional director's decision. There can be no doubt that on this record, absent the factor that the regional director's daughter was an employee of Merchants, the appeal board would have erred in setting aside the determination inasmuch as the record contains evidence showing a rational basis for his determination of no probable cause. The hearing was extensive; the complainants were present and represented by counsel; the supervisory employees testified and were cross-examined by counsel for the complainants; many exhibits were entered and the record thus compiled amply supported the director's determination

(see *State Div. of Human Rights [Speller] v New York State Drug Abuse Control Comm.,* 59 AD2d 332). The sole issue, therefore, is whether the mere fact that the daughter of the director was employed by Merchants as a mail clerk requires a finding that his actions constituted an abuse òf discretion and that the entire proceeding must be set aside. Section 14 of the Judiciary Law does not apply to quasi-judicial administrative officers; however, in the absence of any comparable statute setting forth grounds for the disqualification of an administrative officer, we may look to the Judiciary Law for guidance. Under that section, a Judge would be disqualified in such proceeding only if he were related within the sixth degree of consanguinity to a party to the proceeding, or if he had an interest in the outcome of the proceeding. Consequently, the regional director here, if he were subject to the Judiciary Law, would not have been disqualified. Complainants suggest that actual bias on the part of the director was the result of this relationship. But even if actual bias or prejudice had been shown, which it was not, it would not be grounds for disqualification. See *Matter of Rotwein* (291 NY 116) in which Chief Judge Lehman stated (p 123): "Actual bias of the judge is not a ground for disqualification under Section 15 of the Judicial Law [now § 14]." (See, also, *People v Patrick,* 183 NY 52; *Matter of Fitzgerald v Wells,* 9 AD2d 812, app dsmd 9 NY2d 864.) Even though the bias or prejudice of a Judge does not work to disqualify him or deprive him of jurisdiction, after the determination of a case, if it is contended that the Judge was biased, such contention may be the ground of an appeal. In such case, "the inquiry would be whether there was bias and if it affected the result to the detriment of the one claimed to have been aggrieved; if it did not exist, or if, existing, it did not unjustly affect the result, it would be no ground for a successful appeal." (32 NY Jur, Judges, § 44.) Applying these standards to the case before us, there is no basis for the disqualification of the regional director or for setting aside a determination which was based on substantial evidence and in which the findings of fact are in accordance with the testimony on the record. The orders of the appeal board are annulled and the determination of the regional director is reinstated. (Proceedings pursuant to Executive Law, § 298.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.