(see *State Div. of Human Rights [Speller] v New York State Drug Abuse Control Comm.,* 59 AD2d 332). The sole issue, therefore, is whether the mere fact that the daughter of the director was employed by Merchants as a mail clerk requires a finding that his actions constituted an abuse of discretion and that the entire proceeding must be set aside. Section 14 of the Judiciary Law does not apply to quasi-judicial administrative officers; however, in the absence of any comparable statute setting forth grounds for the disqualification of an administrative officer, we may look to the Judiciary Law for guidance. Under that section, a Judge would be disqualified in such proceeding only if he were related within the sixth degree of consanguinity to a party to the proceeding, or if he had an interest in the outcome of the proceeding. Consequently, the regional director here, if he were subject to the Judiciary Law, would not have been disqualified. Complainants suggest that actual bias on the part of the director was the result of this relationship. But even if actual bias or prejudice had been shown, which it was not, it would not be grounds for disqualification. See *Matter of Rotwein* (291 NY 116) in which Chief Judge Lehman stated (p 123): "Actual bias of the judge is not a ground for disqualification under Section 15 of the Judicial Law [now § 14]." (See, also, *People v Patrick,* 183 NY 52; *Matter of Fitzgerald v Wells,* 9 AD2d 812, app dsmd 9 NY2d 864.) Even though the bias or prejudice of a Judge does not work to disqualify him or deprive him of jurisdiction, after the determination of a case, if it is contended that the Judge was biased, such contention may be the ground of an appeal. In such case, "the inquiry would be whether there was bias and if it affected the result to the detriment of the one claimed to have been aggrieved; if it did not exist, or if, existing, it did not unjustly affect the result, it would be no ground for a successful appeal." (32 NY Jur, Judges, § 44.) Applying these standards to the case before us, there is no basis for the disqualification of the regional director or for setting aside a determination which was based on substantial evidence and in which the findings of fact are in accordance with the testimony on the record. The orders of the appeal board are annulled and the determination of the regional director is reinstated. (Proceedings pursuant to Executive Law, § 298.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Petitioner.—Petition granted, without costs, order of Human Rights Appeal Board, annulled, and determination of State Division of Human Rights reinstated and confirmed. All concur; Goldman, J., not participating. Same memorandum as in *State Div. of Human Rights v Merchants Mut. Ins. Co.* (59 AD2d 1054). (Proceeding pursuant to Executive Law, § 298.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Petitioner.—Petition granted, without costs, order of Human Rights Appeal Board annulled, and determination of State Division of Human Rights reinstated and confirmed. All concur, Goldman, J., not participating. Same memorandum as in *State Div. of Human Rights v Merchants Mut. Ins. Co.* (59 AD2d 1054). (Proceeding pursuant to Executive Law, § 298.) Present—Simons, J. P., Hancock, Jr., Denman, Goldman and Witmer, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Petitioner.—Petition granted, without costs, order of Human Rights Appeal Board annulled, and determination of State