■ STANLEY ROBERTS, et al., Doing Business as CENTRE GREAT NECK Co., Appellants, v INCORPORATED VILLAGE OF GREAT NECK et al., Respondents et al., defendants.—In an action, *inter alia*, to restrain the Village of Great Neck and its board of trustees from proceeding with the acquisition and improvements of real property located in the village for use as a municipal parking field, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered May 11, 1977, which, *inter alia*, dismissed the complaint and vacated a temporary restraining order. Judgment affirmed, with costs. The order of Mr. Justice Di Paola striking the case from the calendar was discovered after the trial was already well under way. It was not binding upon the Trial Justice since it had obviously been entered through inadvertence and in the mistaken belief that the motion to strike

had been unopposed. In addition, the Justice at Special Term who had been in charge of the calendar duly sent the case out for trial. The contention of the trial counsel for plaintiffs that the trial court was hostile and biased did not constitute sufficient justification for his refusal to participate further in the case. He had already spent one full day on trial and should have continued to present whatever additional evidence was available to him. Then, if the decision was adverse, he could have advanced his arguments of hostility and bias to the appellate court for review. For "The bias or prejudice of a judge does not deprive him of jurisdiction and is a matter which can only be raised on appeal." *(Matter of Fitzgerald v Wells,* 9 AD2d 812, app dsmd 9 NY2d 864; see, also, *People ex rel. Devery v Jerome,* 36 Misc 256, 257.) In sum, plaintiffs' counsel should not have arrogated to himself the prerogatives of an appellate court. He is not the Judge entrusted with the responsibility of determining the merits; his function is to present his client's case. Furthermore, we do not agree with trial counsel that there was sufficient evidence of hostility or bias to vitiate the actions or decision of the Trial Judge. Hopkins, J. P., Gulotta, Cohalan and Margett, JJ., concur.