Mark **HEIMBACH, Individually and as Acting President of Citizens Committee to Save Water Street, Plaintiff-Appellant,**

v.

**VILLAGE OF LYONS (WAYNE COUNTY, NEW YORK), et al., Defendants-Appellees.**

No. 610, Docket 78–7467.

United States Court of Appeals, Second Circuit.

Submitted Jan. 19, 1979.

Decided April 26, 1979.

Mark Heimbach, pro se.

Joseph V. McCarthy, Brown, Maloney, Gallup, Roach & Busteed, P.C., Buffalo, N. Y., for defendants-appellees.

Before WATERMAN, FEINBERG and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

The plaintiff-appellant, Mark Heimbach, individually and as Acting President of Citizens Committee to Save Water Street, appeals from a judgment of the United States District Court for the Western District of New York (Burke, J.) dismissing this suit brought under 42 U.S.C. §§ 1983 and 1985.

The plaintiffs below are allegedly residents of the Village of Lyons and members of organizations called the "Eastern Farm Workers Association" (hereinafter "EFWA") and "Citizens Committee to Save Water Street" (hereinafter "CCSWS"). The defendants-appellees are the Village of Lyons, members of its present and past board of trustees, the village Justice of the Peace, the village Chief of Police, the village Building Inspector, and certain fictitious defendants. We affirm the dismissal order as to the action for damages against Justice John Perry; as to all other defendants-appellees, we reverse and remand for further proceedings below.

The complaint alleged that the defendants acted in concert under color of state law so as to prevent, and that they, through a series of harassments and illegal evictions and arrests, effectively did prevent, the plaintiffs from exercising their first amendment rights to freedom of speech, to petition the government for the redress of grievances, and to peaceful assembly. More specifically, the plaintiffs alleged that efforts have been illegally made by the defendants to evict low-income people from their homes and buildings on Water Street in the Village of Lyons, so that the Lyons Village Government could redevelop the area for business and commercial interests. In furtherance of that goal, they alleged that the defendants harassed and illegally evicted the EFWA and CCSWS from premises on Water Street in the Village of Lyons. They alleged further that the defendants harassed and illegally arrested Mark Heimbach, the operations manager of the EFWA and the Acting President of the CCSWS, for a supposed misdemeanor pursuant to a section of the State Building Construction Code which has no provision for criminal penalties, and, in particular, has no penalties applicable to a tenant such as appellant Heimbach. The plaintiffs sought damages and declaratory and injunctive relief.

■ In dismissing the suit against the Village of Lyons, Judge Burke correctly relied upon the then binding precedents of *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), and ruled that the "Village of Lyons is not a person within the meaning of 42 U.S.C. 1983." However, subsequent to the ruling of Judge Burke, the U. S. Supreme Court decision in *Monell v. Dept. of Soc. Serv. of City of N. Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), overturned those precedents and held that the legislative history of the Civil Rights Act makes it clear that a municipality is indeed a "person" under § 1983. As the appellant alleges actions implementing an official policy of harassment and encroachment upon first amendment rights, he states a claim for damages and injunctive relief against the village. *Monell, supra*, 98 S.Ct. at 2036. *Cf. Turpin v. Mailet*, 579 F.2d 152, 164 (2d Cir. 1978), *vacated and remanded in light of Monell sub nom. West Haven v. Turpin*, —— U.S. ——, 99 S.Ct. 554, 58 L.Ed.2d 645 (1978) (damage action maintainable where actions "authorized, sanctioned or ratified by municipal officials or bodies functioning at a policy-making level.")

■ Judge Burke further ruled that the individual defendants are immune from suit. In so ruling, the district court judge was correct as to the suit for damages against the Village Justice Court Judge, John Perry, inasmuch as Justice Perry, by signing a criminal arrest warrant against appellant Heimbach, was not acting "in the 'clear absence of all jurisdiction.' [*Bradley v. Fisher*,] 13 Wall. [80 U.S. 335, 20 L.Ed. 646 (1872)], at 351." *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Justice Perry does have jurisdiction over criminal matters under New York State law, C.P.L. § 100.55, and has the power to issue criminal warrants. C.P.L. § 120.20(1). As the Court stated in *Bradley v. Fisher, supra*, 80 U.S. (13 Wall.) at 352:

[I]f . . . a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district, should hold a particular

act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, . . . no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

Thus, while Justice Perry may have acted maliciously in signing a criminal arrest warrant against appellant Heimbach, as appellant maintains, the justice is nonetheless immune from suit for damages for his actions. The justice is not immune, however, from suit for injunctive relief and, accordingly, should not be dismissed from this action. See Allee v. Medrano, 416 U.S. 802, 819–20, 94 S.Ct. 2191, 2202, 40 L.Ed.2d 566 (1974); Person v. Association of Bar of City of New York, 554 F.2d 534, 537 (2d Cir.), cert. denied, 434 U.S. 924, 98 S.Ct. 403, 54 L.Ed.2d 282 (1977); Littleton v. Berbling, 468 F.2d 389, 395–414 (7th Cir. 1972), rev'd on other grounds sub nom. O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Erdmann v. Stevens, 458 F.2d 1205, 1210 (2d Cir.), cert. denied, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972); Boddie v. State of Connecticut, 286 F.Supp. 968, 971 (D.Conn.1968), rev'd on other grounds but aff'd sub silentio on limitation on judicial immunity, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Moreover, inasmuch as appellant Heimbach alleged a pattern of harassment and alleged that a criminal prosecution was initiated against him in bad faith without hope of conviction and which resulted in a chill upon the exercise of his first amendment rights, his allegations are sufficient to remove any bar to injunctive interference with state court criminal prosecutions. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

■ The other village officials do not share Justice Perry's absolute immunity from suit for damages; rather, they are entitled merely to a qualified good faith immunity. Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Plaintiffs here have alleged bad faith and improper and discriminatory motives on the part of the police officers who served a facially invalid warrant upon appellant Heimbach. Hence, those cases relied upon by the appellees dealing with "the defenses of good faith purpose and reasonable grounds," Hanna v. Drobnick, 514 F.2d 393, 397 (6th Cir. 1975), are inapposite and do not warrant the dismissal of this action against the officers. See Pierson v. Ray, supra; Tucker v. Maher, 497 F.2d 1309, 1313 (2d Cir. 1974); Ellenburg v. Shepherd, 304 F.Supp. 1059, 1061–62 (E.D.Tenn.1966), aff'd, 406 F.2d 1331 (6th Cir. 1968), cert. denied, 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781 (1969). See also Erskine v. Hohnbach, 81 U.S. (14 Wall.) 613, 616, 20 L.Ed. 745 (1871); Guzman v. Western State Bank of Devils Lake, 540 F.2d 948, 951–52 (8th Cir. 1976).

■ Similarly, plaintiffs' allegations of bad faith in the administration of the State Building Construction Code and the zoning ordinances preclude dismissal of the action against the other village officials on the grounds of a qualified immunity. Accepting the allegations in the complaint as true, as we must in our review of the district court's dismissal, the village officials acted neither with a good faith belief in the lawfulness of the actions taken nor with reasonable grounds so to believe. Thus, dismissal of the suit against the village officials below was erroneous. Scheuer v. Rhodes, supra, 416 U.S. at 247–48, 94 S.Ct. at 1692; Wood v. Strickland, supra, 420 U.S. at 322, 95 S.Ct. at 1001; Laverne v. Corning, 522 F.2d 1144, 1150 (2d Cir. 1975).

Accordingly, we affirm the dismissal of the damage claims against Village Justice Perry but reverse the remainder of the judgment of the district court and remand

for further proceedings so that plaintiffs below may be given an opportunity to prove their allegations.