■ In the Matter of ROBERT A. KATZ, as Attorney for NICASIO GARCIA, Petitioner, v RICHARD G. DENZER, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICASIO GARCIA and JOSE MANUEL POLLOCK, Appellants.—CPLR article 78 petition to prohibit respondent from sitting as the trier of fact or Judge on remand hearing and for other relief, is unanimously denied; the motion of respondent to dismiss the petition for failure to state a claim, is granted and the petition is dismissed; the motion of proposed intervenor Jose Pollock to intervene in the CPLR article 78 proceeding, is denied, all without costs. Motion by defendant Garcia, joined in by defendant Pollock, for reargument, is unanimously denied, without costs. (Rules of Appellate Division, First Department, 22 NYCRR 600.14 [a].) So much of the application as seeks leave to appeal from the order of April 2, 1979, is referred to Justice Silverman of this court who denied leave. (CPL 450.15; 460.15 subd 1.) This CPLR article 78 proceeding is both procedurally and substantively defective. The attorney for a defendant in a criminal case is not a proper party petitioner, even nominally to bring an article 78 proceeding. *(Matter of Klein v Haft,* 68 AD2d 872.) As there is no claim of

any relationship of the Judge to the parties or the subject matter, there is no basis for a claim for legal disqualification. The claim just becomes one of alleged actual bias of the Judge. As to such a claim "the judge himself is the sole arbiter." *(People v Patrick,* 183 NY 52, 54.) Even if actual bias or prejudice is shown, it would not be grounds for disqualification but would only be reviewable on appeal on a showing that it had unjustly affected the result. *(State Div. of Human Rights v Merchants Mut. Ins. Co.,* 59 AD2d 1054, 1056; *Matter of Rotwein [Goodman]* 291 NY 116, 123; *Matter of Fitzgerald v Wells,* 9 AD2d 812, app dsmd 9 NY2d 864.) In view of this determination, it would be pointless to grant the application of the proposed intervenor to intervene. Notwithstanding the foregoing, we deem it advisable to add this comment: In the ordinary course, a hearing on an application to set aside a verdict on the ground of newly discovered evidence should of course be conducted by the Judge who presided at the trial. And we can well understand Judge Denzer's reluctance to impose this burden involving not only the hearing but review of what happened at the trial upon another Judge. But in the special circumstances of this case, where Judge Denzer in the course of his judicial duties has so clearly and unequivocally stated his views as to the credibility of the witness whose testimony is to be given at the hearing, we venture to suggest that in the long run both the interests of judicial economy and the appearance of justice will be better served if Judge Denzer refers this hearing to another Judge. (Cf. *Van Schaick v Carr,* 159 Misc 873; *Sherk v Catena,* 235 App Div 686.) Concur—Kupferman, J. P., Fein, Sandler and Silverman, JJ.