Arthur T. DAVIDSON, Plaintiff,

v.

William GARRY, New York State
Supreme Court Judge, Kings
County, Defendant.

No. 95–CV–5394(JRB).

United States District Court,
E.D. New York.

Sept. 16, 1996.

Arthur T Davidson, Brooklyn, NY, pro se.

Michael S. Kennedy, State of NY Dept. of Law, New York City, for William Garry.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Plaintiff Arthur T. Davidson, M.D., Esq., brings this action *pro se* pursuant to 18 U.S.C. § 1343 and 42 U.S.C. §§ 1981, 1983. Defendant Judge William Garry moves to dismiss under Fed.R.Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### Background

Davidson claims that Judge Garry, while presiding over a state court case brought by Davidson, referred to Davidson, "who is a [b]lack [a]ttorney[,] in vicious derogatory terms in regards to his race and color," refused to allow an attorney to represent Davidson and improperly dismissed Davidson's state court action.

Davidson originally sought both monetary damages and declaratory judgment. Then, pursuant to Fed.R.Civ.P. 15(a), Davidson amended his complaint to withdraw the claim for monetary damages and add a claim for injunctive relief. Judge Garry consented to the amendment and the Court endorsed the order on February 28, 1996.

For the reasons set forth below, Judge Garry's motion is granted and the complaint is dismissed.

### Discussion

In order to evaluate these motions, the Court will first discuss the motion to dismiss for failure to state a claim under Rule 12(b)(6), including the standard for evaluating such motions, the construction of *pro se* pleadings and the elements essential to state a civil rights claim under § 1983. Second, the Court will discuss issues raised by the notion of judicial immunity from suit. Third, while evaluating subject matter jurisdiction in response to the Rule 12(b)(1) motion, the Court will discuss the *Rooker–Feldman* doctrine, which bars collateral attacks in federal court on state court judgments. Finally, the Court will consider abstention under *Younger v. Harris,* which ensures the proper relation between the federal courts and the state courts.

### I. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

#### A. Standard of Evaluation for Rule 12(b)(6) Motions

On a motion to dismiss under Rule 12(b)(6), the Court must accept all of Davidson's material allegations as true, *Leatherman v. Tarrant County Narcotics Intelligence. & Coordination Unit,* 507 U.S. 163, 163, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993), and must construe all reasonable inferences in his favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court may only grant the motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In addition, the Court must evaluate only the face of the pleadings, and its function "is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); *See also Dwares v. City of New York,* 985 F.2d 94, 99–100 (2d Cir.1993); *Fariello v. Rodriguez,* 148 F.R.D. 670, 674 (E.D.N.Y.1993), *aff'd,* 22 F.3d 1090 (2d Cir. 1994).

Although it is well settled that "naked assertions" in the complaint will not defeat a motion to dismiss under Rule 12(b)(6), the Second Circuit has recently made clear that assertions must truly be bare for dismissal to be appropriate. *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995).

### B. *Construing the Pleadings*

Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), and "[a]ll pleadings shall be so construed as to do substantial justice" (Fed. R.Civ.P. 8(f)). *Fariello*, 148 F.R.D. at 674.

■ Although *pro se* litigants normally receive extra latitude in their pleadings, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), attorneys who represent themselves are not held to a lesser standard than attorneys who represent others. *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir.1981); *Breindel & Ferstendig v. Willis Faber & Dumas*, No. 95 Civ. 7905, 1996 WL 413727 at * 10 (S.D.N.Y. July 24, 1996); *Leeds v. Meltz*, 898 F.Supp. 146, 149 (E.D.N.Y.1995), *aff'd*, 85 F.3d 51 (2d Cir.1996).

### C. *Elements of a Civil Rights Claim*

Keeping the standard articulated above in mind, the Court notes that in order to state a claim under § 1983:

First the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." This second element requires that the defendant acted under "color of law."

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *See also Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Sykes v. James*, 13

F.3d 515, 519 (2d Cir.1993); *Rand v. Perales*, 737 F.2d 257, 260 (2d Cir.1984); *Butler v. New York State Correctional Dept.*, No. 94–CV–5054, 1996 WL 438128 at * 4 (S.D.N.Y. Aug. 2, 1996).

■ It is beyond dispute that under the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution, litigants are entitled to legal proceedings and a tribunal free from influence by improper racial animus and bias. *Batson v. Kentucky*, 476 U.S. 79, 84–89, 106 S.Ct. 1712, 1716–19, 90 L.Ed.2d 69 (1986); *Turner v. Murray*, 476 U.S. 28, 35–38, 106 S.Ct. 1683, 1687–1689, 90 L.Ed.2d 27 (1986); *Rose v. Clark*, 478 U.S. 570, 587, 106 S.Ct. 3101, 3110–11, 92 L.Ed.2d 460 (1986); *United States ex rel. Haynes v. McKendrick*, 350 F.Supp. 990, 999 (S.D.N.Y.1972) (citations omitted) *aff'd*, 481 F.2d 152 (2d Cir.1973).

■ In addition, a § 1983 claim may not be held to a "heightened pleading standard," but must contain "more than merely broad based, conclusory statements." *Fariello*, 148 F.R.D. at 677. In this case, at this preliminary stage of proceedings, on the sparse complaint and amended complaint, the Court cannot definitively say that Davidson's assertions are so naked as to fail to state a claim.

■ The allegations, though sparse and unspecific, of racial animus by a state trial judge are not completely naked and allege the deprivation of "a right secured by the 'Constitution and laws' of the United States" under "color of law." Thus, Davidson has stated a civil rights claim under § 1983.

### D. *The 18 U.S.C. § 1343 Claim*

Davidson states that his compliant is in part for violation of 18 U.S.C. § 1343; Fraud by Wire, Radio or Television. As he offers absolutely no support for this claim other than naming the statute, this claim is dismissed.

### II. *Immunity*

■ It is well settled that judicial officers who perform judicial functions within their jurisdictions receive absolute immunity from damages. *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir.1987); *see Pierson v. Ray*, 386

U.S. 547, 553–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Fariello*, 148 F.R.D. at 678. To be sure, in *Pierson*, the Supreme Court observed that, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1217; *accord Cleavinger v. Saxner*, 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985).

The Supreme Court recently summarized the contours of judicial immunity when damages are sought, noting that allegations of bad faith or malice will not serve to overcome immunity from a suit for damages, but that "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (citations omitted); *see Fariello v. Campbell*, 860 F.Supp. 54, 67–69 (E.D.N.Y.1994) (articulating standards for judicial immunity from damage suits).

■ In the case at bar, however, Davidson has withdrawn his request for damages, so we must examine only judicial immunity from prospective relief. Davidson does not clearly articulate exactly what type of injunctive and declaratory relief he seeks, but it can be surmised that he wishes to obtain a declaration that Judge Garry violated his constitutional rights and that the state court dismissal of his action is invalid. In addition, Davidson seems to seek an injunction preventing Judge Garry from acting further on the state case, or in the very least, from continuing to use the "vicious" language alleged, and to challenge the alleged refusal to permit an attorney to represent Davidson. While this relief is extraordinary, it is not barred by judicial immunity.

In *Pulliam v. Allen*, 466 U.S. 522, 539, 104 S.Ct. 1970, 1979, 80 L.Ed.2d 565 (1984), the Supreme Court noted that although injunctive relief against judges is rare, and properly reserved for extraordinary cases in order to prevent irreparable harm, judges are not immune from such suits. The *Pulliam* Court further noted that the availability of injunctive relief against judges, especially state judges, was necessary to enforce Congress's intent in enacting § 1983 to interpose the federal courts between the States and the people and to safeguard the federal rights of the people. *Pulliam*, 466 U.S. at 540–41, 104 S.Ct. at 1980 (quoting *Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 2161, 32 L.Ed.2d 705 (1972) citing *Ex parte Virginia*, 100 U.S. 339, 25 L.Ed. 676 (1880) and *Pierson*, 386 U.S. at 558–64, 87 S.Ct. at 1219–22).

Even while concluding that "judicial immunity is not a bar to prospective injunctive relief[1] against a judicial officer acting in her judicial capacity," *Pulliam*, 466 U.S. at 541–42, 104 S.Ct. at 1981, the Supreme Court noted that concerns regarding collateral injunctive relief against a judge are not properly addressed by judicial immunity. Instead, notions of comity and federalism must inform any inquiry into whether judicial immunity applies, keeping in mind "the need for restraint by federal courts called on to enjoin the actions of state judicial officers." *Pulliam*, 466 U.S. at 539, 104 S.Ct. at 1979. *See also Lynch v. Slayton*, No. 95–CV–856, 1996 WL 31314, at *9 (N.D.N.Y. Jan. 23, 1996); *Levy v. Lerner*, 853 F.Supp. 636, 640 (E.D.N.Y.1994), *aff'd*, 52 F.3d 312 (2d Cir. 1995).

For these reasons, Judge Garry is not immune from suit insofar as Davidson seeks injunctive or declaratory relief.

### III. *Subject Matter Jurisdiction*

■ As noted above, the gravamen of the complaint seems to be an attack on the propriety of Davidson's state court dismissal by Judge Garry. To the extent that Davidson seeks to have this Court vacate or reverse

---

1. Despite the fact that *Pulliam* refers explicitly to only injunctive relief, the Second Circuit, as noted in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 735 n. 13, 100 S.Ct. 1967, 1976 n. 13, 64 L.Ed.2d 641 (1980) (citing *Heimbach v. Village of Lyons*, 597 F.2d 344, 347 (2d Cir.1979)) treats declaratory relief similarly.

that dismissal, based either upon claims of bias or the alleged refusal to allow an attorney to represent Davidson, this case falls squarely within the boundaries of the *Rooker–Feldman* doctrine, and thus the Court lacks subject matter jurisdiction, and the complaint must be dismissed pursuant to Rule 12(b)(1).

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), the Supreme Court held that if a state court decision is wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding," and that such appeals were within the exclusive province of the Supreme Court, not the federal District Courts.

Sixty years later, the Supreme Court reaffirmed this principle in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983), stating, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court," and the District Courts lack subject matter jurisdiction over such complaints.

■ Essentially, the *Rooker–Feldman* doctrine bars collateral attack on a state court judgment which attempts to cloak the attack as a § 1983 action in federal court. The Second Circuit has summarized the *Rooker–Feldman* doctrine:

> In short, an inferior federal court established by Congress pursuant to Art. III, § 1, of the Constitution may not act as an appellate tribunal for the purpose of overruling a state court judgment, even though

the judgment may rest on an erroneous resolution of constitutional or federal law issues. The exclusive procedure for federal review is that specified by 28 U.S.C. § 1257.

*Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir.1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

Insofar as Davidson seeks to have this Court declare the state court dismissal void and enjoin either the state court system in general, or Judge Garry in particular, from further proceedings, the *Rooker–Feldman* doctrine forbids precisely this result. As Davidson's claim runs afoul of *Rooker–Feldman*, this Court lacks subject matter jurisdiction, and accordingly grants Judge Garry's motion and dismisses the complaint.

## IV. Abstention

■ Even if the *Rooker–Feldman* doctrine did not deny this Court subject matter jurisdiction in this case, abstention by this Court would be appropriate under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny. Under *Younger*[2] and its progeny, a federal district court should abstain from interfering with pending State litigation if (1) a state proceeding is pending, (2) an important state interest is implicated, and (3) the plaintiff has an open avenue for review in the state courts of his constitutional claims. *Gentner v. Shulman*, 55 F.3d 87, 88–90 (2d Cir.1995).

Here, the existence of a pending state proceeding and Davidson's ability to raise his constitutional claims in State court are undisputed.[3] Additionally, it is beyond debate that New York State has an important inter-

---

**2.** Although *Younger* involved an ongoing state criminal proceeding, the same principles extend to state civil proceedings. *See New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 368, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989).

**3.** In addition to the painfully obvious statement that review by appeal is appropriate if the trial judge decided the case incorrectly, is the only marginally less obvious statement that a decision motivated by impermissible bias which unjustly affects the result is similarly reviewable by appeal. *Matter of Rotwein*, 291 N.Y. 116, 51

N.E.2d 669, 672 (1943); *Katz v. Denzer*, 70 A.D.2d 548, 416 N.Y.S.2d 607, 608 (1979); *State Division of Human Rights v. Merchants Mutual Insurance Co.*, 59 A.D.2d 1054, 399 N.Y.S.2d 813, 815–16 (1977); *Fitzgerald v. Wells*, 9 A.D.2d 812, 192 N.Y.S.2d 719, 720–21 (1959), *appeal dismissed*, 9 N.Y.2d 864, 216 N.Y.S.2d 686, 175 N.E.2d 819 (1961). Furthermore, it is well settled that state courts are competent to hear federal claims. *Pennzoil*, 481 U.S. at 15, 107 S.Ct. at 1528; *Simmonds v. Deutsch*, No. 88–CV–3881, 1989 WL 32835 at * 10 (E.D.N.Y. Mar. 27, 1989).

est in the accurate and bias-free functioning of its judicial system. *See, e.g., Pennzoil,* 481 U.S. at 12–14, 107 S.Ct. at 1526–28 (State interest in regulating judicial procedures); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) (State interest in functioning of judicial system).

Hence, despite the fact that abstention should be used sparingly, *see, e.g., New Orleans Public Service, Inc. v. Council of New Orleans,* 491 U.S. 350, 368, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989); *Colorado River and Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), this case falls squarely within abstention's ambit, as Davidson has an adequate avenue of appeal if he feels that the state court decision was incorrect or motivated by impermissible bias. Therefore, the Court grants Judge Garry's motion in this respect and dismisses the action.

### Conclusion

Although Davidson has stated a claim sufficient to withstand a motion to dismiss for failure to state a claim and Judge Garry is not immune from suit for injunctive and declaratory relief, notions of federalism and comity derived from the *Rooker–Feldman* doctrine, as well as *Younger* abstention, dictate dismissal of the action. Accordingly, Judge Garry's motion is GRANTED and the action is DISMISSED in its entirety.

**SO ORDERED.**