Ashok **KASHELKAR**, Plaintiff,

v.

**Harold Y. MacCARTNEY, Jr.; Debora J. Dillon; William R. Watson; Bruce Muldoon; MacCartney, MacCartney, Kerrigan & MacCartney; O'Connor, McGuinness, Conte, Doyle, Olsen & Collins; John Doe, No. 1; Jane Doe, No. 1; John Doe, No. 2; and Jane Doe, No. 2, Defendants.**

No. 99CIV.5132(CM).

United States District Court, S.D. New York.

Dec. 22, 1999.

---

Ashok Kashelkar, Spring Valley, NY, plaintiff pro se.

Harold Y. MacCartney, Jr., MacCartney, MacCartney, Kerrigan & MacCartney, Nyack, NY, defendant pro se.

Karl Zamurs, Garcia & Stallone, Melville, NY, for defendant O'Connor, McGuinness, et al.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE CERTAIN MOTIONS BY ALL DEFENDANTS EXCEPT BRUCE MULDOON

McMAHON, District Judge.

In 1995, plaintiff pro se Ashok Kashelkar filed an action for damages in New York State Supreme Court, Rockland County, against a motorist named Harriet Levine, her husband, and GEICO, their insurer. The action arose out of an accident that occurred in 1992. The law firm of MacCartney, MacCartney, Kerrigan & MacCartney represented the motorist defendants in that action. At some point in the litigation, cross-motions for summary judgment were filed, with plaintiff serving his motion on July 14, 1995, and the Levines serving theirs on July 20. On July 17, Plaintiff wrote to the Court requesting a three-week extension of the return date to August 18 on a motion filed by the MacCartney firm to sever plaintiff's claim against the Levines from his claim against GEICO. In response, attorneys from the MacCartney firm and the firm of O'Connor, McGuinness, Conte, Doyle, Olsen & Collins, which represented GEICO, wrote separate letters to the Court requesting that all pending motions be adjourned until August 18. The Court appears to have granted those requests, as the parties' subsequently-filed Notices of Cross–Motion included return dates of August 18. Mr. Kashelkar appealed the dismissal of his

suit through the New York State Unified Court System. He lost at every turn.

Now Mr. Kashelkar has brought an action in this Court. The gravamen of his complaint is that the MacCartney and O'Connor firms, several attorneys of both, and the judge's law secretary denied him due process of law when they obtained and/or granted an adjournment behind plaintiff's back and effected the dismissal of his negligence complaint—a claim that seems somewhat bewildering in light of the fact that it was plaintiff who initiated the request for an adjournment to August 18. (See Letter dated July 15, 1995 from plaintiff to Judge Meehan, MacCartney Exhibit N.) As Mr. Kashelkar stated to this Court at oral argument, his complaint lies not with the fact that his cause of action was dismissed, but rather with the manner in which the loss occurred. (Tr. of Conference dated November 5, 1999, at 4.) Contending that defendants engaged in conspiracies to defraud him of his constitutional and civil rights and his property, he has brought claims against them under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*; 42 U.S.C. §§ 1981, 1983 and 1985; and the Fourteenth Amendment to the United States Constitution.

All the defendants have moved to dismiss the complaint. Their motions are disposed of as follows:

■ 1. The motion to dismiss by defendant Bruce Muldoon, Law Secretary to the Hon. Robert R. Meehan, is granted. This Court lacks jurisdiction over Mr. Muldoon for actions he performed while acting in his official capacity as the law secretary to a New York State Supreme Court justice, because the State of New York is the real party in interest in such a suit, and the Eleventh Amendment bars suit against the State of New York. In addition, Mr. Kashelkar's challenge to the various rulings, both substantive and procedural, of the court of the Unified Court System of the State of New York in essence asks this Court to review state court decisions, which, of course, it has no power to do (see discussion of the *Rooker–Feldman* doctrine, below.) In addition, to the extent that plaintiff seeks damages against Mr. Muldoon, his complaint is barred by the doctrine of quasi-judicial immunity, which extends to court officials like Mr. Muldoon the same immunity that is absolutely enjoyed by judges when they exercise their judicial function. In this Circuit, law secretaries to state court judges benefit from quasi-judicial immunity. *See Oliva v. Heller,* 839 F.2d 37, 39 (2d Cir.1988).

■ Moreover, all claims against Mr. Muldoon are time barred, since even on the most favorable reading of the complaint, plaintiff's claims against Mr. Muldoon arose no later that early 1996, when his negligence case was dismissed by the Rockland County Supreme Court—more than three years before this action was filed.

Because the Court lacks jurisdiction to adjudicate this matter on both of these grounds, it need not and should not address the other grounds advanced by Mr. Muldoon in support of his motion to dismiss.

■ 2. The motion to dismiss and/or for summary judgment made by defendants Harold Y. MacCartney, Jr. and the law firm of MacCartney, MacCartney, Kerrigan & MacCartney is granted.

The plaintiff's challenge to the underlying state court decisions is jurisdictionally deficient and cannot be entertained by this Court under the so-called *Rooker–Feldman* doctrine, which precludes federal district courts from reviewing final judgments entered in state court proceedings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Moreover, because the Second Circuit prohibits district courts from entertaining actions if they are "inextricably intertwined" with a challenge to the merits of an unreviewable state court determina-

tion, a plaintiff cannot evade *Rooker–Feldman* by casting his claim in the guise of a federal civil rights violation. *See Davidson v. Garry,* 956 F.Supp. 265, 268–69 (E.D.N.Y.1996), *aff'd,* 112 F.3d 503 (2d Cir. 1997). For this reason alone, the complaint must be dismissed against the MacCartney defendants, as the Court is without jurisdiction in this matter. *See* Fed. R.Civ.P. 12(b)(1).

It also appears from the record before me that plaintiff raised his claims of conspiracy and violation of due process before the state courts, where he lost resoundingly. Under controlling principles of former adjudication, Mr. Kashelkar cannot relitigate those issues now. *See Polur v. Raffe,* 912 F.2d 52, 55 (2d Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991).

Third, the claims are time-barred, for the reasons set forth in connection with Mr. Muldoon's motion.

 Turning to whether the pleading states a claim on which relief may be granted, which I consider as an alternative ground for dismissal in the event the Court's jurisdictional and former adjudication determinations are deemed erroneous: plaintiff's claims for violations of his civil rights and for denial of due process are dismissed because plaintiff fails to identify any constitutionally protected right that was violated. The filing of an answer containing denials of certain of plaintiff's allegations—the legal effect of which is simply to put a plaintiff to his proof as to each and every element of his claim—is perfectly proper under New York's Civil Practice Law and Rules, as is the filing of any and all affirmative defenses that may turn out to be justified by the facts. Plaintiff has no constitutional right to have motions served in accordance with the deadlines set forth in the CPLR or to have adjournments denied when he opposes them. It is well settled that mere irregularities or errors in a state court proceeding are insufficient to show a purposeful conspiracy to deprive a party of due process of law. *See Young v. County of Fulton,* 160 F.3d 899,

902 (2d Cir.1998); *Skolnick v. Spolar,* 317 F.2d 857 (7th Cir.1963), *cert. denied,* 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145, *rehearing denied,* 375 U.S. 960, 84 S.Ct. 439, 11 L.Ed.2d 318 (1963).

 As to the § 1983 claim, the Court notes that the MacCartney defendants are not state actors. They are private attorneys who were defending the interests of a client in an action brought by plaintiff in a state court. Plaintiff alleges no facts that would permit this Court to identify them with the authority of the state. When the complaint is parsed, it alleges no more than that the MacCartney and O'Connor defendants made a motion, wrote a letter to a law secretary in order to obtain an adjournment and a single return date for all pending motions, obtained the adjournment and thereafter won the case. This is insufficient as a matter of law to clothe them with the mantle of state actors.

 As to the § 1985 claim, plaintiff has neither alleged any conspiratorial act with the particularity required nor set forth any factual allegation to support his conclusion that defendants conspired against him and he lost the case because he was an Indian who practices the Hindu religion. It appears from the record of proceedings in the state court that Mr. Kashelkar lost his case because he refused to submit an affidavit from his son, the driver of the car, setting forth his version of what occurred—this despite being told by Justice Meehan that he must do so or risk dismissal of his claim. Mr. Kashelkar's own allegations preclude him from asserting that he lost his case due to any race-ethnicity-religion based conspiracy.

 His claim under § 1981 is also insufficient in that it fails to allege either facts supporting an inference of discriminatory intent or that Mr. Kashelkar was treated differently than white individuals who opposed requests for adjournment or who refused to submit affidavits that would create genuine issues of material fact in opposition to pending motions for summary judgment. Since Mr. Kashelkar's complaint reveals that the true gra-

vamen of his federal action is to attack the merits of the state court adjudication, this Court does not grant him leave to replead, as he cannot "cure" what are incurable defects.

■ Mr. Kashelkar's alleged RICO violations also suffer from incurable pleading defects. First, he has not alleged that his commercial interests were injured by the alleged conspiracy against him. It has specifically been held that a RICO action does not lie against a state court judge and attorneys for their alleged conspiracy to deny a party due process. *See Hibbard v. Benjamin,* Civ.A. No. 90–10361–WF, 1992 WL 300838 (D.Mass. Sep.21, 1992) (citing *Savastano v. Thompson Medical Co.,* 640 F.Supp. 1081, 1087 (S.D.N.Y.1986)). Nothing in the complaint would support an inference that the damage to plaintiff's car, which was being driven by his son at the time of the accident, related to any commercial interest of plaintiff. Second, plaintiff has not alleged predicate acts sufficient to sustain a RICO claim—the filing of an answer that denies certain of his allegations, the obtaining of an adjournment over plaintiff's opposition, and the dismissal of his action on the merits not qualifying as either mail or wire fraud. *See D'Orange v. Feely,* 877 F.Supp. 152, 156 (S.D.N.Y.1995); *Morin v. Trupin,* 711 F.Supp. 97, 104 (S.D.N.Y.1989). Third, plaintiff does not allege a "pattern" of racketeering activity. Finally, the complaint is insufficiently particular—a defect that, in this particular case, cannot be cured by amendment.[1]

3. The O'Connor defendants have also moved for dismissal or summary judgment on the same grounds as the MacCartney firm. For the reasons set forth above, their motion to dismiss and/or for summary judgment is granted as well.

4. Mr. Kashelkar has belatedly moved to strike the summary judgment motions of all defendants except Bruce Muldoon (who did not file a motion for summary judgment), ostensibly so that he can take discovery pursuant to Fed.R.Civ.P. 56(f). As discovery would not enable Mr. Kashelkar to resurrect any of his claims, which are dismissed pursuant to Rules 12(b)(1) and (6), his motion is denied, without the need for any response by defendants.[2]

This constitutes the decision and order of the Court.

---

1. All of these grounds are fatal defects in plaintiff's pleading, and so dismissal is effected under Fed.R.Civ.P. 12(b)(6). The Court did review the parties' submissions (totaling over a foot of paper), but it is not necessary to treat the motion as one for summary judgment in order to dismiss the action. Nonetheless, Mr. Kashelkar was advised of his responsibilities under Rule 56 and submitted voluminous material in response thereto.

2. The Court has reviewed Mr. Kashelkar's statement concerning the death of his father-in-law. The Court extends its condolences, and if Mr. Kashelkar was subjected to any discourtesy (such as the failure to return a telephone call by the Deputy Clerk), the Court tenders its apologies.