**Ashok KASHELKAR, Plaintiff–Appellant,**

v.

**RUBEN & ROTHMAN, Joseph Latona, Robin Long, Keith Rothman, Scott Rumph, Household International, Inc., Household Bank–FSB, Household Recovery Services, John Doe # 1, Jane Doe # 1, John Doe # 2, Jane Doe # 2, Defendants–Appellees.**

No. 00–7751.

United States Court of Appeals, Second Circuit.

Jan. 2, 2001.

Ashok Kashelkar, Spring Valley, NY, pro se.

Joseph A. Gershman, Cahill, Gordon & Reindel; Thomas J. Kavaler, on the brief, New York, NY, for appellee.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Ashok Kashelkar, pro se, appeals a judgment of the United States District Court for the Southern District of New York (McMahon, J.) dismissing his complaint.

## I.

In September 1999, Kashelkar filed a complaint against Household International, Inc., a Chicago-based holding company; two of its subsidiaries, Household Bank F.S.B. and Household Recovery Services; and Household's lawyers, the law firm of Rubin & Rothman LLC, as well as four of its current or former lawyers (collectively "defendants") alleging fraud, extortion, and obstruction of justice, in violation of 42 U.S.C. §§ 1981, 1983, 1985 and the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1962, *et seq.*

In May 2000, the district court dismissed Kashelkar's complaint on the grounds: that Kashelkar's civil rights and negligence claims were time-barred because they were not raised until October 1999, more than three years after the 1994 state court civil suit from which the claims arose; that Kashelkar's RICO claims were also time-barred because they were filed beyond the four-year statute of limitations; that Kashelkar failed to state a claim of discrimination under §§ 1981, 1983 and 1985; and that any other claims he may have asserted were legally deficient or inscrutable. Finally, the district court denied Kashelkar's motion to amend his pleadings by adding more exhibits on the ground that the amendment would be futile.

Kashelkar's complaint alleged substantially the same claims as those he had raised in a previous lawsuit against different defendants, *see Kashelkar v. MacCartney,* 79 F.Supp.2d 370 (S.D.N.Y.1999), which was dismissed by Judge McMahon for failure to state a claim. That dismissal was affirmed by this Court, *see Kashelkar v. MacCartney,* No. 00–7090, 2000 WL 1678774 (2d Cir.2000).

## II.

On appeal, Kashelkar maintains that his complaint, with appendices, demonstrated that the defendants violated §§ 1981, 1983, 1985 and RICO, and that the district court decision was "factually wrong," as well as "prejudicial, hostile, and discriminatory towards [him]," and should be reversed. Defendants maintain on appeal that, as the district court held, Kashelkar's claims were barred by the statutes of limitations and, in any event, were properly dismissed for Kashelkar's failure to state a claim upon which relief could be granted. The defendants point out that Kashelkar offered no facts to support his civil rights, RICO or negligence claims. Kashelkar filed a reply, which, to the extent it can be understood, restates his arguments on appeal and alleges that the district court's dismissal of his complaint was itself discriminatory.

This Court "reviews the dismissal of a complaint under Fed.R.Civ .P. 12(b)(6) de novo," *Stuto v. Fleishman,* 164 F.3d 820, 824 (2d Cir.1999), and the denial of a motion for leave to amend for abuse of discretion, *see Jones v. New York State Div. of Military & Naval Affairs,* 166 F.3d 45, 49 (2d Cir.1999). Our review of the record confirms that the findings of the district court were correct with respect to all of Kashelkar's claims, as well as Kashelkar's motion to amend his complaint. We therefore affirm substantially for the reasons stated by the district court.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.